■ In the Matter of MARILYN GORLIN, Respondent, v. MORRIS GORLIN, Appellant.— Appeal by petitioner's husband from two orders of the Family Court, Queens County, both dated October 13, 1966, i.e., (1) an order of disposition which (a) denied appellant's application for custody of three of the four children of the marriage, (b) denied appellant's application that the oldest of said three children be returned to New York from the school he is attending in Florida, (c) ordered that appellant pay $48 a week for support of said three children, plus $5 a week on account of $596 arrears and (d) relegated appellant to the appropriate court on the question of the return to him by petitioner of a washing machine; and (2) an order of protection which (a) prohibited each of the parties from visiting or telephoning the other without invitation, (b) gave appellant rights of visitation at petitioner's home, (c) gave appellant custody of the children for two weeks in the Summer time on certain conditions and (d) directed that the order be effective for one year from the date thereof. Orders modified, on the law and the facts, (1) by providing that appellant's right of visitation at petitioner's home shall be (a) on two weekday evenings each week at appellant's discretion, from 6:30 P.M. to 8:00 P.M., instead of only on Wednesdays, and (b) on Saturdays as well as Sundays, from 11:00 A.M. to 6:00 P.M.; and (2) by providing that all the provisions of both orders, including said provision as to visitation at petitioner's home, as herein modified, except the provision with respect to the washing machine, shall remain in effect only until a new determination shall have been made by the court below; and matter remitted to the court below for rehearing and redetermination on all issues other than those regarding the washing machine, the rehearing to be held during the Summer, after the oldest child shall have returned to New York immediately upon the conclusion of his attendance at school in Florida for the present academic year. As so modified, orders affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Neither of the parties had the benefit of counsel at the hearing which resulted in the orders under review. In our opinion, the evidence adduced, particularly with respect to the problem concerning the oldest of the children, including his mother's solution of having him live in Florida at a school and with his uncle, which in effect deprived his

father of visitation rights awarded to him by a prior order, was inadequate for a proper and fair determination. The issues (a) whether the portion of appellant's support payments allocable to the oldest child was actually being used for the child and (b) whether appellant's visitation rights should be enlarged or at least not altered adversely to appellant were not adequately explored. Ughetta, Acting P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.